| | |
|---|---|
| IN RE: GENERAC SOLAR POWER SYSTEMS MARKETING, SALES PRACTICES, AND PRODUCTS LIABILITY LITIGATION<br><br>This Document Related to All Cases | Case No. 23-md-3078<br><br>**ORDER GRANTING PLAINTIFFS' UNOPPOSED MOTION FOR PRELIMINARY APPROVAL OF CLASS ACTION SETTLEMENT** |

THIS MATTER is before the Court on Plaintiffs' Motion, pursuant to Rule 23 of the Federal Rules of Civil Procedure, for entry of an order preliminarily approving the settlement of this Action pursuant to the settlement agreement fully executed on January 9, 2026 (the "Settlement Agreement"), which, together with its attached exhibits, sets forth the terms and conditions for a proposed settlement of the Action. The Court has read and considered the Settlement Agreement with its exhibits, and Plaintiffs' Unopposed Motion for Preliminary Approval of Class Action Settlement, and the argument of counsel as the record may reflect.

**NOW, THEREFORE, IT IS ON THIS 12TH DAY OF JANUARY, 2026, ORDERED THAT:**

1. This Order incorporates by reference the definitions in the Settlement Agreement, and all terms used in this Order shall have the same meanings as set forth in the Settlement Agreement.

2. The Court preliminarily approves the Settlement Agreement as being within the realm of reasonableness to the Settlement Class, subject to further considerations at the Final Approval Hearing described below.

3. Pursuant to Rule 23, the Court certifies, solely for purposes of effectuating the Settlement Agreement, the "Settlement Class" defined as all current Owners and Primary Users of Generac PWRcell Systems purchased in the United States prior to the Execution Date of the Settlement Agreement.

    a. For purposes of effectuating the Settlement Agreement, a "Settlement Class Member" is any person or entity who qualifies under the definition of "Settlement Class."

b. For purposes of effectuating the Settlement Agreement, an "Owner" is any natural person or entity that holds contractual ownership rights to a PWRcell System and may, but need not, be the Primary User.

c. For purposes of effectuating the Settlement Agreement, a "Primary User" is the homeowner or other occupant of the premises at which a PWRcell System is installed who is financially responsible for the electric service on the premises and may, but need not, be the Owner.

d. Excluded from the Settlement Class are: (1) Defendants, their subsidiaries and affiliates, officers, directors, and employees; (2) the judge to whom these cases are or have been assigned and any member of the judge's immediate family; (3) any persons who timely exclude themselves from the Settlement Class in accordance with the procedures set forth in Section 6; and (4) Class Counsel and counsel for Defendants.

4. The Court appoints Plaintiffs Robert Ammon, Marcia Baltimore, Nicole Kibert Basler, John Bettorf, Paul Cartmell, Steve Cothren, Geoff Edwards, Miles Fawcett, Joel Galarza, Melissa Gibson, Daniel Haak, Christopher Helmers, Kevin Hemphill, Albert Kates, Craig Lauder, Kathryn Locatell, Jodi Matas, Dustin Moon, Lori Morse, Adam Plichta, Jason Poston, Anita Richardson, Michael Shirk, Allan Slater, Carolyn Slusher, Rabia Stevenson, Beverly Taylor, Margaret Venema, Kerri Vincent, James Ward, and Mark Wasserman as Settlement Class Representatives.

5. The Court appoints the following as Settlement Class Counsel: Ian J. Barlow of Kershaw Talley Barlow PC; Mark P. Chalos of Lieff Cabraser Heimann & Bernstein, LLP; Scott C. Harris of Bryson, Harris, Suciu & Demay PLLC; James J. Rosemergy of Carey Danis & Lowe; and Harper T. Segui of Lee Segui PLLC. Any Settlement Class Member may enter an appearance

in the Action, at his, her, or its own expense. However, if they do not enter an appearance, they will be represented by Settlement Class Counsel.

6. The Court preliminarily finds, solely for purposes of effectuating the Settlement Agreement, that: (a) the Settlement Class is so numerous that joinder of all Settlement Class Members in the Action is impracticable; (b) there are questions of law and fact common to the Settlement Class that predominate over any individual questions; (c) the claims of the Settlement Class Representatives are typical of the claims of the Settlement Class; (d) Settlement Class Representatives and Settlement Class Counsel have fairly and adequately represented and protected the interests of the Settlement Class and will continue to do so; and (e) a class action is superior to all other available methods for the fair and efficient adjudication of the controversy.

7. The Court preliminarily finds, solely for purposes of effectuating the Settlement Agreement, that the Settlement Agreement satisfies Rule 23 and the law of the 7th Circuit such that it is fair, reasonable, and adequate. Preliminary approval is appropriate when balancing the strength of Plaintiffs' case on the merits, costs, risks and delay related to further litigation, and the benefit to the Settlement Class from the Settlement Agreement. Settlement Class Counsel have adequately represented the Settlement Class by reaching this Settlement Agreement through hard-fought, arm's length negotiations involving a respected third-party neutral. The method of distributing the benefits of the Settlement Agreement appears likely to be effective and will treat Settlement Class Members equitably. It is the opinion of Settlement Class Counsel, who are well-informed by their significant experience as well as through both discovery and their experts' investigations to date, that the Settlement Agreement is of great benefit to the Settlement Class.

8. The Court approves the form and content of the Claim Form (Exhibit 1 to the Settlement Agreement) and Notice Plan (Exhibits 2–5 to the Settlement Agreement). The Court

finds that the Notice Plan, including the forms of direct and indirect notice in the manner set forth in the Settlement Agreement, as well as the establishment of the Settlement Website, satisfy due process. The foregoing is the best notice practicable under the circumstances and shall constitute due and sufficient notice to all Settlement Class Members entitled to Settlement Class Notice. The Court authorizes the Parties to make non-material modifications to the Settlement Class Notice and Claim Form prior to publication if they jointly agree that any such changes are appropriate.

9. The Court appoints Eisner Advisory Group LLC as the Settlement Administrator. The Settlement Administrator is directed to perform all settlement administration duties set out in the Settlement Agreement, including:

    a. Effecting notice in accordance with the procedures set forth in the Settlement Agreement;

    b. Establishing and maintaining the Settlement Website that, among other things, allows Settlement Class Members to submit claims electronically;

    c. Establishing and maintaining a toll-free telephone line for Settlement Class Members to call with Settlement-related inquiries, and answering the questions of Settlement Class Members who call with or otherwise communicate such inquiries;

    d. Responding to any mailed or emailed Settlement Class Member inquiries;

    e. Accurately and objectively describing the terms of the Agreement in communications with Settlement Class Members, including the training of its employees and agents accordingly;

    f. Processing all written notifications of exclusion from the Settlement Class;

    g. Providing weekly reports that summarize the number of any written notifications of exclusion received that week, the total number of any written notifications of

5

Case 2:23-cv-00685-LA    Filed 01/13/26    Page 5 of 11    Document 104

exclusion received to date, and other pertinent information as requested by Class Counsel and Defendants' Counsel;

       h.      Before the Final Approval Hearing, preparing affidavits to submit to the Court that: (i) attest to implementation of the Notice Plan in accordance with the Preliminary Approval Order; and (ii) identify each Settlement Class Member who timely and properly provided written notification of exclusion from the Settlement Class; reviewing, determining the validity of, and processing all Claims submitted by Settlement Class Members, pursuant to criteria set forth herein;

       i.      Providing weekly reports, and a final report one hundred twenty (120) days following entry of the Preliminary Approval Order, to Class Counsel and Defendants' Counsel that summarize the number and amount of Claims since the prior reporting period, the total number and amount of Claims received to date, the number and amount of any Claims approved and denied since the prior reporting period, the total number and amount of Claims approved and denied to date, and other pertinent information as requested by Class Counsel and Defendants' Counsel;

       j.      Providing any information as may be needed for a post-distribution accounting;

       k.      Performing any function related to settlement administration at the agreed-upon instruction of both Class Counsel and Defendants' Counsel, including, but not limited to, verifying that cash payments have been distributed in accordance with this Agreement; and,

       l.      Performing CAFA notice and any and all other reasonable and necessary tasks.

10. The Court directs that, if they have not already done so, Defendant's counsel through the Settlement Administrator shall provide notice under the Class Action Fairness Act, 28 U.S.C. § 1715 to the States' Attorneys General within ten (10) days from the date of this Order.

11. The deadline for the submission of valid and timely claims is one hundred twenty-four (124) days following the entry of this Order.

12. The deadline to submit a Request for Exclusion or to file an objection to the Settlement Agreement is eighty-nine (89) days following entry of this Order.

13. Any Settlement Class Members who do not wish to participate in the Settlement Class may request to be excluded. To request exclusion, the Settlement Class Member must complete, sign, and submit to the Settlement Administrator a Request for Exclusion as outlined in the Notice. This Request for Exclusion form may be submitted electronically on the Settlement Website or mailed to the Settlement Administrator. The Request for Exclusion must be signed or e-signed by the Settlement Class Member seeking exclusion under penalty of perjury.

    a. Any person or entity who falls within the definition of the Settlement Class and who validly and timely requests exclusion from the Settlement shall not be a Participating Class Member; shall not be bound by the Settlement Agreement; shall not be eligible to make a Claim for any benefit under the terms of the Settlement Agreement; and shall not be entitled to submit an Objection to the Settlement. However, if a Settlement Class Member submits both a Claim Form and Request for Exclusion, the later-in-time form shall take precedence. To the extent it is unclear which is later in time, the Claim Form shall take precedence, and the exclusion request shall be deemed to have been sent by mistake and rejected.

14. Any Settlement Class Member who has not previously submitted a valid and timely Request for Exclusion may object to the Settlement Agreement and appear at the Final Approval Hearing to support or oppose the approval of the Settlement Agreement.

    a. Settlement Class Members who submit a valid and timely Objection, but also submit a valid and timely Request for Exclusion, will be deemed to have opted out of the Class and their Objection will be void and invalid, unless the Court orders otherwise. However, a Settlement Class Member who objects to the Settlement Agreement may submit a Claim Form on or before the Claims Deadline, which shall be processed in the same way as all other Claim Forms. A Settlement Class Member shall not be entitled to an extension to the Claims Deadline merely because the Settlement Class Member also submitted an objection.

    b. Any Participating Class Member who wishes to object to any aspect of this Agreement must electronically file with the Court via the Court's ECF system, or by delivery to the Clerk of the Court by mail, express mail, or personal delivery, a written statement of the objection(s), and send copies to Settlement Class Counsel and Defendants' Counsel. The written statement of the objection(s) must: (i) identify the case name and number and identify that the document is an objection; (ii) state the Participating Class Member's full name, address, email address, and telephone number; (iii) state whether the Participating Class Member is represented and, if so, include the full name, address, telephone number, and email address of the objector's counsel; (iv) provide information sufficient to establish the objector's standing as a Settlement Class Member and state whether the objection applies only to the objector, to a specific subset of the class, or to the entire class; (v) state with specificity each objection, as well as the specific reasons, if any, for each objection, including all facts, evidence, and legal authority supporting his/her objection(s); (vi) identify the number of class action settlements previously objected to by

the Participating Class Member, if any, and list those cases by case name and number; (vii) state whether the objector and objector's counsel, if any, will attend or appear at the final approval hearing; (viii) be signed by the objector; (ix) be signed by the objector's counsel, if any (the attorney's signature alone shall not be sufficient for satisfying the signature requirement under 8.2(vii); and (x) be verified by an accompanying declaration submitted under penalty of perjury or a sworn affidavit demonstrating that the Participating Class Member is entitled to be included as a member of the Settlement Class and that the information provided for the objection(s) is true and correct. Objectors must make themselves available for deposition by the Parties no later than seven (7) days after the Objection and Exclusion Deadline.

    c. Participating Class Members may raise an objection either on their own or through an attorney hired at their own expense. If a Participating Class Member retains an attorney other than Class Counsel to represent him or her, the attorney must, no later than twenty-one (21) days before the Final Approval Hearing or as the Court otherwise may direct, (i) file a notice of appearance with the Court and (ii) serve a copy of the notice of appearance on Class Counsel and Defendants' Counsel. If an objector makes an Objection through an attorney, the objector shall be solely responsible for the objector's attorneys' fees and costs unless the Court orders otherwise.

    d. An objector who has submitted a timely written Objection may attend the Final Approval Hearing at his or her own expense. Participating Class Members, or their attorneys other than Class Counsel, intending to make an appearance at any hearing relating to this Agreement, including the Final Approval Hearing, must file with the Court, and serve notice of their intention to appear at that hearing to Class Counsel and Defendants' Counsel, no later than twenty-one (21) days before the date of the hearing at which they plan to appear, or as the Court

otherwise may direct. Objectors who fail to submit or include this Notice of Intention to Appear may not speak at the Final Fairness Hearing without permission of the Court.

15. Any Settlement Class Member who does not object in the manner provided in this Order shall be deemed to have waived such objections and shall forever be foreclosed from objecting to the fairness, reasonableness, or adequacy of the proposed Settlement Agreement and any judgment approving it.

16. Settlement Class Counsel shall file their motion for an award of attorneys' fees, inclusive of costs, expenses, and Settlement Class Member service awards, no later than seventy-four (74) days following entry of this Order.

17. The deadline for Settlement Class Counsel to file their Final Approval Motion is one hundred forty-four (144) days following entry of this Order.

18. The Court hereby schedules the Final Approval Hearing for June 8, 2026 at 10:00 a.m. The Final Approval Hearing will take place in the United States District Court for the Eastern District of Wisconsin, 517 E. Wisconsin Ave., Courtroom 390, Milwaukee, WI 53202, to determine whether the proposed Settlement Agreement should be approved as fair, adequate, and reasonable, and whether a judgment should be entered approving the Settlement Agreement, and whether Settlement Class Counsel's application for attorneys' fees, costs, and service awards should be approved. The Court may adjourn the Final Approval Hearing without further notice to Settlement Class Members.

19. All litigation deadlines are hereby stayed pending Final Approval of the Settlement.

20. The Court enters the following schedule of events:

| Event | Deadline Description | Date |
|---|---|---|
| Notice Plan implementation including Settlement Website | Twenty-one (21) days following entry of the Preliminary Approval Order | February 3, 2026 |

| | | |
|---|---|---|
| and Direct and Indirect Notice | | |
| Fee/Cost/Service Award Motion | Seventy-Four (74) days following entry of the Preliminary Approval Order | March 30, 2026 |
| Objection and Exclusion Deadline | Eighty-nine (89) days following entry of the Preliminary Approval Order | April 13, 2026 |
| Claims Deadline | One hundred twenty-four (124) days following entry of the Preliminary Approval Order | May 18, 2026 |
| Final Approval Motion | One hundred forty-four (144) days following entry of the Preliminary Approval Order | June 8, 2026 |
| Final Approval Hearing | | June 8, 2026 |

**IT IS SO GRANTED.**

DATE:  
JANUARY 13, 2026

/s/ Lynn Adelman  
The Honorable Lynn Adelman  
United States District Judge